IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 1, 2016

## JEANIE HOLSCLAW v. IVY HALL NURSING HOME, INC.

**Appeal from the Circuit Court for Carter County**
**No. C12784     Jean A. Stanley, Judge**

_____

**No. E2016-02178-COA-T10B-CV-FILED-DECEMBER 19, 2016**
_____

CHARLES D. SUSANO, JR., J., dissenting.

I cannot concur in the majority's conclusion that Judge Stanley's "personal extrajudicial knowledge" created "an appearance of impropriety . . . under Canon 2.11 of the Code of Judicial Conduct necessitating recusal." Therefore, I respectfully dissent.

I do not find it necessary to determine whether Judge Stanley acted appropriately or not when she contacted Dr. Wayne Mulkey and had a private phone conversation with him in an effort to obtain information which would assist her in determining whether to grant the appellant's rule 35 motion. Having said that, I would point out that Judge Stanley did not attempt to hide the fact that she had the subject phone conversation. On the contrary, she advised the parties of her conversation at the hearing on the rule 35 motion. In any event and, assuming, solely for the purpose of discussion, that this conversation was erroneous, I do not believe that any of this mandates recusal.

As the majority points out, "[n]othing in the record leads this Court to believe that the trial judge in this case holds a prejudice or bias against any party or that the trial judge cannot remain impartial despite this communication [with Dr. Mulkey]." I certainly agree with that comment. The issue here, however, is whether "the judge's impartiality might reasonably be questioned." My answer to this is simply "no." Her action in speaking privately to Dr. Mulkey may have been erroneous and may even be reversible error,[1] but I do not believe it could or would reasonably lead one to question her "impartiality."

---

[1] *See* ***Alley v. State***, 882 S.W.2d 810, 821 (Tenn. Cr. App. 1994) ("Rulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification."); s*ee also* ***State v. Cannon***, 254 S.W.3d 287, 308 (Tenn. 2008) ("Even though we hold that the trial court committed reversible evidentiary errors with regard to the chain of custody of the pantyhose and the admissibility of M.N.'s out-of-court statements, the record does not support the proposition that those decisions resulted from the trial judge's bias or prejudice against Defendant.")

I would affirm the trial court on the issue of recusal.


_____
CHARLES D. SUSANO, JR., JUDGE